I t GRISBAUM, Judge.

INTRODUCTION

Plaintiff-appellant, Norbert Cristina, appeals the trial court’s judgment setting security for Emma Alice Cristina’s curator, John Cristina, III, without inventory or a sworn descriptive list, and the amount of attorney’s fees awarded for reimbursement of attorney’s fees he incurred through the interdiction proceeding. We reverse in part and remand.

ISSUES

The issues presented are:
1. Whether the trial court erred in setting security without an inventory or a sworn descriptive list of the property.
2. Whether the trial court awarded the plaintiff adequate attorney’s fees to cover those costs he incurred as a result of the interdiction proceeding.

19FACTS AND PROCEDURAL HISTORY

This appeal arises from the interdiction of Emma Alice Cristina. John Cristina, III, the interdict’s son, was appointed as *710 her curator, and was ordered to furnish five hundred dollars as security for the faithful performance of the office, and for the protection of the interdict. Norbert Cristina, also Emma Cristina’s son filed a rule to increase security bond and a rule to assess costs and attorney’s fees. The trial court denied Norbert Cristina’s rule to increase security bond, and awarded him seven hundred and fifty dollars ($750.00) for attorney’s fees incurred in connection with interdiction proceeding. Norbert Cristina, the appellant herein, appeals the trial court’s judgment setting security without requiring an inventory or descriptive list, and the amount of attorney’s fees awarded.
ISSUE ONE — LAW AND ANALYSIS
The appellant contends the trial court erred in setting security without first requiring an inventory or descriptive list of the assets of Emma Cristina. We agree.
La.Code Civ. P. art. 4554 provides:
A. Except as otherwise provided in this Title and in R.S. 9:1022, the relationship between an interdict and his curator is the same as that between a minor and his tutor, with respect to the person and property of the interdict.
B. The rules provided in Articles 4032 and 4033, the second paragraph of Article 4067, and in Articles 4101 through 4172, 4231 through 4342, and 4391 through 4464 apply likewise to the curatorship of an interdict.
Based on the above article, the following rules apply to whether an inventory or descriptive list is required to set the security required for a curator. La. Code Civ. P. art. 4101(A) provides: “When any person applies to be appointed as tutor [curator], the court shall order either the taking of an inventory and an appraisal of the minor’s [interdict’s] property or the preparation of a detailed descriptive list of |shis property in accordance with Article 4462.” In addition, La.Code Civ. P. art. 4131 provides in pertinent part:
A. The person appointed tutor, except the natural tutor, shall furnish security for the faithful performance of his duties in an amount equal to the total value of the minor’s movable property as shown by the inventory or detailed descriptive list, plus such additional sum as the court may consider sufficient to cover any loss or damage which may be caused by the bad administration of the tutor.
B. Upon proper showing that the security required is substantially in excess of that needed for the protection of the minor, the court may fix the security at any amount which it considers sufficient for the protection of the minor.
These articles clearly establish that either an inventory or a descriptive list is required before the amount of security, which a curator or interdict must post, can be determined. After careful review, we find that neither an inventory, nor a descriptive list of record before the trial court set the amount of security. Appellee argues that John Coman, the family attorney, testified as to Mrs. Cristina’s assets, and that this is sufficient information upon which to set security. We think not. The requirement of either an inventory or a descriptive list cannot be waived under Louisiana statutory law, and sworn testimony is not the equivalent of either an inventory or a descriptive list. Accordingly, we set aside the trial court’s judgment setting security at $500.00, and order that either an inventory or a descriptive list be furnished to the trial court as competent evidence, before it re-sets the security bond.
ISSUE TWO — LAW AND ANALYSIS
Appellant further argues that the trial court awarded inadequate attorney’s fees to cover the costs he incurred as a result of the interdiction proceeding. Louisiana law provides that if a judgment of interdiction is rendered, attorney’s fees and costs of the interdiction proceeding shall be paid from the estate of the interdict. La. Civ.Code art. 397; La.Code Civ. *711 P. art. 4551; Interdiction of F.T.E., 622 So.2d 667 (La.App. 2d Cir.1993).
A careful review of the time sheets of the appellant’s attorney, which were not controverted, shows that work done and costs incurred from March 10, 1998 until April 24, 1998 are related to the interdiction proceeding. The attorney’s fees and costs incurred between these dates total one thousand six hundred two dollars and twenty cents ($1,602.20). The time sheets reflect that work done after April 24, 1998 was related to appellant’s effort to become Emma Cristina’s curator. We agree with the trial court’s conclusion that Emma Cristina’s estate should not be liable for attorney’s fees incurred in anticipation of a challenge which never occurred nor for those incurred in appellant’s effort to be her curator. Based on the foregoing, we find the trial court erred in awarding appellant only $750.00 in attorney’s fees. We remand this issue to the trial court and order that the trial court award attorney’s fees to the appellant in accordance with this opinion, and that it also award attorney’s fees incurred in the re-setting of security.
For the reasons assigned, we reverse and set aside the trial court’s judgment setting security. We remand this matter to the trial court, and order that an inventory or a descriptive be furnished before the trial court re-sets security. In addition, the trial court is ordered to award attorney’s fees to the appellant in accordance with this opinion and also award attorney’s fees incurred in the re-setting of security.

REVERSED IN PART; REMANDED.